NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-CV-216-KKC

STEPHEN CORTEZ BELCHER                                                    PETITIONER

VS:                        **MEMORANDUM OPINION AND ORDER**

STEPHEN DEWALT                                                           RESPONDENT

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Stephen Cortez Belcher, an individual currently confined in the Federal Medical Center ("FMC"), in Ashland, Kentucky, has submitted a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, and two Motions. He has moved the Court for permission to proceed *in forma pauperis* and for the review of this case to be expedited, as he is already being held past the date when he should have been released.

The Petition is currently before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As the Petitioner is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

JUDICIAL NOTICE

On February 15, 2008, Belcher filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in this Court, *Belcher v. Dewalt*, Lex. No. 08-CV-075-JMH.  On April 15, 2008, however, it was dismissed, *sua sponte*, without service on the warden and without prejudice, for Belcher's failure to prosecute, specifically, his failure to pay the District Court filing fee.  The Petitions and attached Memoranda initiating both that case and the instant case are identical; in fact, the latest Petition may be a photocopy of the original one.

According to both Petitions, in 1998, in the United States District Court for the Southern District of West Virginia, a jury found Belcher guilty on several counts of a multi-count indictment: Count 1, conspiring to distribute cocaine base in violation of 21 U.S.C. § 846; Counts 2 and 3, distributing cocaine base in violation of 21 U.S.C. § 841(a)(1); Count 5, conspiring to possess a fully automatic machine gun in violation of 18 U.S.C. § 371; and Count 6, aiding and abetting the use of an automatic machine gun during and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).

On November 23, 1998, Belcher was sentenced to 54 months imprisonment for Counts One, Two, Three, and Five, to be served concurrently, and 360 months on Count Six, to be served consecutively, for a total sentence of 414 months incarceration.  As to the firearm conviction in Count 6, he alleges that he argued before the trial court that his actions "did not reach the standard that was set forth in Bailey v. United States, 516 U.S. 137 (1995), which required that the firearm be activiley [sic] employed in order for the 924(c) statute to be applicable."  The trial court "nonetheless, sentenced the movant to the consecutive 360 month term of imprisonment."

2

Case: 5:08-cv-00216-KKC   Doc #: 7   Filed: 06/16/08   Page: 3 of 7 - Page ID#: 38

The Court takes judicial notice of other litigation which Petitioner brought involving the conviction on Count 6. He first appealed the firearm conviction on two grounds, *i.e.*, that he could not be convicted under Section 924(c) because he traded drugs for guns, rather than guns for drugs, and that there was insufficient evidence to sustain his conviction for aiding and abetting the drugs for guns exchange. *See United States v. Belcher*, 201 F.3d 437, 1999 WL 1080103 (4th Cir. 1999), *cert. denied*, 529 U.S. 1032 (2000). The United States Court of Appeals for the Fourth Circuit found both grounds without merit. With regard to the drugs for guns argument, it ruled that Belcher had been convicted of using or carrying a machine gun in relation to a drug trafficking crime and the Fourth Circuit had already held that the exchange of drugs for guns constitutes "use." *Id.* at *1 (also citing the same holding in another circuit, *United States v. Ulloa*, 94 F.3d 949, 956 (5th Cir. 1996)). Therefore, the conviction was affirmed.

In 2001, Petitioner filed a Motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Belcher urged three claims, *i.e.*, that the indictment against him was insufficient, he received ineffective assistance of counsel, and the United States acted in bad faith in refusing to file a Rule 35(b) Motion. *See Belcher v. United States*, 2002 WL 32366000 (S.D.W.Va. 2002). The opinion of the Court provides a review of the evidence which was before the jury, but the Court denied the Motion in all respects.

<u>CURRENT ALLEGATIONS AND CLAIMS</u>

In the case *sub judice*, Belcher again challenges the Section 924(c) conviction, this time alleging that he is actually innocent of aiding and abetting the use of an automatic machine gun during and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), under the recent decision of *Watson v. United States*, ___ U.S. ___, 128 S.Ct 579 (Dec. 10, 2007). In *Watson*,

the Supreme Court held that "a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs." *Id.*, ___ U.S. at ___, 128 S.Ct. at 582-86.

Petitioner states that the conviction at issue herein involved the trading of 2.6 grams of cocaine base for a Mac-11 machine gun on July 18, 1997.  He first insists that neither he nor any co-defendant actually took possession of the firearm; rather, his co-defendants refused to take possession and then "were arrested before they were able to take the weapon into their possession."

Belcher also provides what purports to be a partial transcript of the jury's instructions and points out that although "possession" of a firearm is mentioned initially in reference to the charges in the indictment, the remainder of the instructions go to satisfying the element of "use" of the firearm.  Therefore, when this Petitioner was found guilty of Count 6, he was found guilty of the "use," and not the possession or carrying, of the gun.  Therefore, also, since *Watson* has now held that a person does not "use" a firearm under § 924(c)(1)(A) when he receives it in trade for drugs, the Petitioner is entitled to the relief from the firearm conviction.

Petitioner claims that he has fully served the 54-month concurrent sentences and is currently serving the sentence for the Section 924(c) conviction, a conviction for an action which the Supreme Court determined is not criminal conduct.  Therefore, he asks this Court to vacate the Section 924(c) conviction, give him credits towards his supervised release, and order his immediate release.

<u>DISCUSSION</u>

The general rule is that a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 permits challenges to official action affecting execution of sentence, such as the computation of sentence credits or parole eligibility.  *United States v. Jalili*, 925 F.2d 889, 894 (6th cir. 1999).  It is 28 U.S.C. § 2254 or § 2255, however, which relate to conviction and/or imposition of sentence.  *See*

*DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).

Accordingly, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). However, there are severe statutory restrictions on a prisoner's ability to file a second or successive Section 2255 motion in the trial court. *See* 28 U.S.C. §§ 2244 and 2255. Since the instant Petitioner has already filed a Section 2255 Motion in the trial court and that Motion was decided on March 25, 2002, he cannot directly proceed with bringing another Motion to raise this new challenge in the trial court.

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under 28 U.S.C. § 2241, instead of 28 U.S.C. § 2255. To do so, the Petitioner must establish two conditions. First, he must show that his remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). Additionally, his claim must be one of actual innocence, in that the Petitioner was convicted of conduct which an intervening Supreme Court opinion defined as non-criminal. *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

The instant Petitioner has alleged that both of these elements are present in his situation, and so he has come to this Court under Section 2241 for relief from a conviction for action which the Supreme Court has recently decided is not "use" of a firearm. He is not the first to do so since *Watson* was decided six months ago. *See Short v. Schultz*, 2008 WL 305594 (D.N.J. Jan. 28, 2008) (slip op.). Also, the Court notes that *Watson* abrogated *United States v. Ulloa*, the Fifth Circuit case

to which the Fourth Circuit cited in rejecting Belcher's argument that drugs for guns was not "use" in his appeal of the Section 924(c) conviction.

Accordingly, the Petitioner having presented what appears to be a cognizable ground for relief from this Court under Section 2241, **IT IS ORDERED** as follows:

(1)     Petitioner's Motion to Proceed *in forma pauperis* [Record No. 3] is **GRANTED**.

(2)      Petitioner's Motion for Expedited Review [Record No. 5] is **GRANTED**.

(3)     The Clerk of the Court shall serve by certified mail a copy of the Petition and this Order upon Respondent Warden Stephen Dewalt,  the Attorney General for the United States, and the United States Attorney for the Eastern District of Kentucky.

(4)     Respondent shall answer or otherwise defend within thirty (30) days of the date of entry of this Order.  Respondent shall also file with his answer all relevant documentary evidence which bears upon the allegations contained in the Petition.

(5)     Upon entry of a response herein or upon the expiration of said period of time, the Clerk of the Court shall notify the Pro Se Office.

(6)     The Petitioner shall keep the Clerk of the Court informed of his current mailing address.  Failure to notify the Clerk of any address change may result in a dismissal of this case.

(7)     For every further pleading or other document he wishes to submit for consideration by the court, the Petitioner shall serve upon the Respondent, or, if appearance has been entered by counsel, upon the attorney, a copy of the pleading or other document.  The Petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to the Respondent or counsel.  If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has

6

been filed but fails to include the certificate of service of a copy, as above, the document will be

disregarded by the Court.

Dated this 16th day of June, 2008.

Signed By:

_Karen K. Caldwell_ KKC

**United States District Judge**