Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-CV-216-KKC

STEPHEN CORTEZ BELCHER                                                                PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

STEPHEN DEWALT                                                                          RESPONDENT

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

This matter is before the Court on the several motions of the parties in this *pro se* proceeding brought pursuant to 28 U.S.C. § 2241 by Stephen Cortez Belcher, an individual currently in the custody of the Federal Bureau or Prisons and confined in the Eastern District of Kentucky.

**BACKGROUND**

On May 12, 2008, the Petitioner instituted this action by submitting a Petition for Writ of Habeas Corpus. Shortly thereafter, he filed two Motions. In a Memorandum Opinion and Order issued June 16, 2008, the Court granted his Motion to Proceed *in forma pauperpis*; granted his Motion for Expedited Review, as his claim in this case is that he is already being held past the date when he should have been released; and directed service of the Petition on the Respondent Warden, with an abbreviated time period for his response.

According to Petitioner, in 1998, in the United States District Court for the Southern District of West Virginia, a jury found him guilty on several counts of a multi-count indictment:

Count 1, conspiring to distribute cocaine base in violation of 21 U.S.C. § 846; Counts 2 and 3, distributing cocaine base in violation of 21 U.S.C. § 841(a)(1); Count 5, conspiring to possess a fully automatic machine gun in violation of 18 U.S.C. § 371; and Count 6, aiding and abetting the use of an automatic machine gun during and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).

Petitioner further alleges that on November 23, 1998, he was sentenced to 54 months imprisonment for Counts One, Two, Three, and Five, to be served concurrently, and 360 months on Count Six, to be served consecutively, for a total sentence of 414 months incarceration. It is the firearm conviction in Count 6 that he challenges herein, alleging that he argued to the trial court that his actions "did not reach the standard that was set forth in *Bailey v. United States*, 516 U.S. 137 (1995), which required that the firearm be activiley [sic] employed in order for the 924(c) statute to be applicable." The trial court "nonetheless, sentenced the movant to the consecutive 360 month term of imprisonment."

In its June 16, 2008 Order, this Court took judicial notice of other litigation which Petitioner brought involving the conviction on Count 6. He first appealed the firearm conviction on two grounds, *i.e.*, that he could not be convicted under Section 924(c), because he traded drugs for guns, and that there was insufficient evidence to sustain his conviction for aiding and abetting the drugs for guns exchange. The United States Court of Appeals for the Fourth Circuit, however, found both grounds without merit. *See United States v. Belcher*, 201 F.3d 437, 1999 WL 1080103 (4th Cir. 1999), *cert. denied*, 529 U.S. 1032 (2000). With regard to the drugs-for-guns argument, it ruled that Belcher had been convicted of using or carrying a machine gun in

2

relation to a drug trafficking crime and the Fourth Circuit had already held that the exchange of drugs for guns constitutes "use." *Id.* at *1 (also citing the same holding in another circuit, *United States v. Ulloa*, 94 F.3d 949, 956 (5th Cir. 1996)). Therefore, the conviction was affirmed.

In 2001, Petitioner filed a Motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Belcher urged three claims, *i.e.*, that the indictment against him was insufficient, he received ineffective assistance of counsel, and the United States acted in bad faith in refusing to file a Rule 35(b) Motion. All of these claims were rejected by the trial court, which denied the Motion in all respects. *See Belcher v. United States*, 2002 WL 32366000 (S.D.W.Va. 2002) (unpublished), *appeal dismissed*, *United States v. Belcher*, 46 Fed.Appx. 167 (4th Cir. 2002) (unpublished). In the case *sub judice*, Belcher again challenges the Section 924(c) conviction, this time alleging that he is actually innocent of aiding and abetting the use of an automatic machine gun during and in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), under the 2007 Supreme Court decision in *Watson v. United States*, ___ U.S. ___, 128 S.Ct 579 (Dec. 10, 2007). In *Watson*, the Supreme Court held that "a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs." *Id.*, ___ U.S. at ___, 128 S.Ct. at 582-86.

Petitioner states that the conviction at issue herein involved the trading of 2.6 grams of cocaine base for a Mac-11 machine gun on July 18, 1997. He first insists that neither he nor any co-defendant actually took possession of the firearm; rather, his co-defendants refused to take possession and then "were arrested before they were able to take the weapon into their possession."

Belcher also provides what purports to be a partial transcript of the jury's instructions and points out that although "possession" of a firearm is mentioned initially in reference to the charges in the indictment, the instructions themselves go to satisfying the element of "use" of the firearm. Therefore, when this Petitioner was found guilty of Count 6, he was found guilty of the "use," and not the possession or carrying of the firearm. Therefore, also, since *Watson* has now held that a person does not "use" a firearm under § 924(c)(1)(A) when he receives it in trade for drugs, the Petitioner is entitled to the relief from the firearm conviction.

Petitioner claims that he is entitled to immediate release because he has fully served the 54-month concurrent sentences and is currently serving the consecutive sentence for the Section 924(c) conviction, a conviction based on an action which the Supreme Court has now determined is not criminal conduct. In its earlier Order, described *supra*, this Court noted as follows:

> . . . Since the instant Petitioner has already filed a Section 2255 Motion in the trial court and that Motion was decided on March 25, 2002, he cannot directly proceed with bringing another Motion to raise this new challenge in the trial court.
>
> Under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under 28 U.S.C. § 2241, instead of 28 U.S.C. § 2255. To do so, the Petitioner must establish two conditions. First, he must show that his remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). Additionally, his claim must be one of actual innocence, in that the Petitioner was convicted of conduct which an intervening Supreme Court opinion defined as non-criminal. *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).
>
> The instant Petitioner has alleged that both of these elements are present in his situation, and so he has come to this Court under Section 2241 for relief from a conviction for action which the Supreme Court has recently decided is not "use" of a firearm. He is not the first to do so since *Watson* was decided six months ago. *See Short v. Schultz*, 2008 WL 305594 (D.N.J. Jan. 28, 2008) (slip

4

op.). Also, the Court notes that *Watson* abrogated *United States v. Ulloa*, the Fifth Circuit case to which the Fourth Circuit cited in rejecting Belcher's argument that drugs for guns was not "use" in his appeal of the Section 924(c) conviction.

Record No. 7 at 4-5. The Court ordered service of the *pro se* Petition on the Respondent, as Belcher had "presented what appears to be a cognizable ground for relief from this Court under Section 2241." *Id.* at 5.

## MOTIONS

Since that time, the Respondent has requested and been granted an extension of time on the ground that the Petition raised significant legal issues which required coordination between the U.S. Attorney's offices in the district of Belcher's conviction and this district. There is no indication in this record or in the record in the court of Petitioner's conviction that any coordination took place.

Regardless, the instant record now contains four pending motions, submitted by both parties. The first is Belcher's Motion to Amend his Petition to add exhibits which he attaches to this Motion. He contends that these exhibits, excepts of testimony from his trial, and the jury instructions, show that he was clearly convicted of only "use" of the firearm, for trading, which is not criminal conduct after *Watson*. As Motions to Amend are to be freely granted under Federal Rule of Civil Procedure 15 and the instant Motion has not been opposed by the Respondent, this Motion will be granted.

Petitioner has also submitted a Motion for entry of a Decree, one which declares that the term of incarceration for the Section 924(c)(1) conviction is "a term of false imprisonment," and

which "announce[s]" that he "is actually innocent of violating the 924(c) statute for which he was convicted." For reasons to be discussed *infra*, this Motion will be denied as premature.

When the time for responding to the Petition arrived, the Respondent submitted a Motion for a Transfer of the instant action from this district to the district of Petitioner's conviction. It is the warden's position that the United States District Court for the Southern District of West Virginia would be in the best position to determine whether the *Watson* holding applies to render Belcher's Section 924(c)(1) conviction invalid. The Respondent also points out that the court of conviction is normally the appropriate place of correct sentencing errors. Additionally, any re-sentencing could occur there. Further, there is precedent for transfer of an action from the district of incarceration to the district of conviction, for practical reasons, the Respondent citing *In Re: Nawanze*, 242 F.3d 521 (3rd Cir. 2001) (discussing jurisdiction for bringing *Bailey* claims).

Petitioner objects to a transfer on several grounds. First he complains of the passage of the deadline for a response without the Respondent's having responded on the merits of his claim or having filed relevant documents, as ordered. He states that the trial court and the Fourth Circuit have already declined to entertain his *Watson* argument, whereas this Court has found that it now has jurisdiction over the claim under Section 2241. He counters that there are no other convictions subject to re-sentencing in this case. Further, the trial judge has died, and so the matter must be based on a review of the court record, which this court may and has jurisdiction to do.

6

Meanwhile, on the same day that the Respondent filed his Motion to Transfer, Belcher submitted a Motion for an Order for his Immediate Release, wherein he claims that he has demonstrated that he was convicted on the firearm charge on conduct which the Supreme Court, nine months ago, held not to be criminal conduct. Therefore, he is actually innocent of the firearm crime and he is entitled to release from the sentence which he is currently serving. Accordingly, he begs for release as soon as possible, in the interest of justice. This Motion is also not appropriate at this time and will be denied, without prejudice.

## DISCUSSION

The *Watson* decision is less than one year old, and prisoners seeking to take advantage of its holding have produced few cases thus far. In *Short v. Schultz*, 2008 WL 305594 (D.N.J. Jan. 28, 2008) (slip op.), which was cited by this Court in its earlier Order, the Section 2241 court ruled that the Petition "should be construed as a Petition under the all Writs Act, 28 U.S.C. § 1651(a)" and transferred the matter to the court of Petitioner Short's conviction.

The transferee court has now issued a decision. As is related in *Short v. Schultz*, 2008 WL 1984262 (W.D.Va. May 6, 2008) (slip op.), the trial court directed service on the Warden where Short was incarcerated; and the Warden filed an Answer. Therefore, the court considered the Respondent's right to object to venue or personal jurisdiction to have been forfeited; found Short's remedy via Section 2255 inadequate and ineffective to rest the legality of the Petitioner's confinement; and decided the *Watson* claim on the merits.[1]

---

[1] The trial court held that Short was not entitled to relief under *Watson* because "Short was charged not only with use of a firearm, but also with possession of a firearm in furtherance of a drug offense . . [and] furthered his drug business by providing the valuable consideration for his drugs." *Short v. Schultz*, 2008 WL 1984262 at *5.

7

Thus, there is an example of a valid use of transferring such a Petition such as this one, but, in this case, it is counter-balanced with considerations weighing against transfer. First, as the *Short* case shows, the venue and jurisdictional issues were not litigated but essentially waived. The same may not happen herein. Time valuable to the Petitioner could be wasted to begin this case afresh in the Southern District of West Virginia, where he has already brought his one allotted Section 2255.

In terms of any court's making a decision on the merits, the Court is also concerned with the state of the record in the trial court. The record in *United States v. Belcher*, SDWV No. 2:98-CR-00053-2, reveals that Petitioner did try to bring his *Watson* claim to the court of his conviction. Less than two months after the Supreme Court's decision, on February 6, 2008, Belcher filed a "Motion to Reopen Case based upon Supreme Court Decision" (D.E. 144), making exactly the *Watson* argument Belcher has made herein.

Since the Motion before the trial court has not been ruled on seven (7) months later, it is understandable if the Petitioner has concluded that the trial court has declined to address the matter. To compound the problem of its proceeding in that court – should there not be a waiver or forfeiture – the Motion making the *Watson* claim before that court has not been properly docketed, the docket describing it as a "Motion for Retroactive Application of Sentencing Guidelines re: Crack Cocaine Offense 18 U.S.C. 3582," when it is clearly not. Furthermore, when the *pro se* Petitioner tried to correct the docketing himself by moving to dismiss D.E. 144, the erroneous designation of the Motion as one with Section 3582 claims caused the erroneous docketing of these efforts also. See D.E. 145, 147. Further, the U.S. Attorney has responded

that it had no objection to Belcher's withdrawing the Motion "brought pursuant to 18 U.S.C. § 3582." The end result is that D.E. 144 is set for a dismissal without anyone's having read it.

The Court is not inclined to transfer this Petition away from its Section 2241 jurisdiction under the savings clause of Section 2255. This Court is capable of deciding the *Watson* claim of actual innocence, as this Court decided the *Jones v. United States*, 529 U.S. 848 (2000), claim of actual innocence after remand, which is discussed in *Martin v. Perez*, 391 F.3d 799 (6th Cir. 2004).

Accordingly, the Court being advised, **IT IS ORDERED**, as follows:

(1) Petitioner Belcher's Motion to Amend his Petition [Record No. 17] is **GRANTED**;

(2) Petitioner's Motion for a Judicial Decree [Record No. 19] is **DENIED**;

(3) Petitioner's Motion for an Order for his Immediate Release [Record No. 21] is **DENIED**;

(4) Respondent's Motion for Transfer of this case [Record No. 20] is **DENIED**; and

(5) Respondent, by counsel, shall answer or otherwise defend the Petition herein within twenty (20) days of the date of entry of this Order. Respondent shall also file with his Answer all relevant documentary evidence which bears upon the allegations contained in the petition.

Dated this 15th day of September, 2008.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**